KALVIN SIMS,

        Plaintiff,

v.

        CIVIL ACTION NO.: CV508-015

Correctional Officer LINDA HARRIS,

        Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at D. Ray James Prison in Folkston, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. Defendant Linda Harris ("Defendant") filed a Motion for Summary Judgment. Plaintiff filed a Motion for Summary Judgment, to which Defendant filed a Response. For the reasons which follow, Defendant's Motion should be **GRANTED**. For these same reasons, Plaintiff's Motion should be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff asserts Defendant delayed his access to the prison law library for a two month period. Plaintiff contends, as a result of this delay, he was unable to meet with his "chain gang" lawyer or amend his state habeas corpus petition and his petition was denied. According to Plaintiff, there was a "reasonable probability" he would have prevailed on his state habeas corpus petition if he had been able to file a timely amendment to his petition. (Compl., p. 5).

AO 72A
(Rev. 8/82)

Defendant alleges that Plaintiff cannot show he suffered an "actual injury" as a result of not being allowed to visit the law library on one (1) occasion. Thus, Defendant alleges that Plaintiff cannot sustain his access to the courts claim.

## STANDARD OF REVIEW

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge her burden by showing that the record

lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Defendant avers that Plaintiff fails to establish he suffered an actual injury to his state habeas corpus petition because he was not permitted to visit the law library at the prison on April 12, 2006, coupled with his apparent inability to visit with his "chain gang lawyer." (Doc. No. 42, p. 2). Defendant contends Plaintiff filed an application for writ of habeas corpus in the Charlton County Superior Court on October 15, 2004, in which he asserted 18 grounds for relief. Defendant asserts that an evidentiary hearing was conducted on August 19, 2005, and Plaintiff's state habeas corpus petition was denied by order dated June 2, 2006. Defendant also asserts that Judge Clarence Blount noted in his order that Plaintiff had amended his original petition on several occasions and that Plaintiff raised a total of 28 grounds for relief. (Id.) Defendant also asserts Plaintiff appealed Judge Blount's decision to the Georgia Supreme Court, which affirmed the lower court's decision by order dated April 2, 2007. Finally, Defendant asserts Plaintiff filed an application for writ of habeas corpus in the Middle District of Georgia on March 26, 2007, and did not allege his inability to go to the prison law library on one (1) occasion or to seek counsel with his chain gang attorney contributed to his failure to obtain his requested relief in state court.

Plaintiff alleges Defendant denied him access to the prison law library on April 12, 2006, and that his chain gang attorney was transferred from the prison shortly thereafter. According to Plaintiff, he did not know how to "further litigate his case." (Doc. No. 45-2, p. 2). Plaintiff also alleges he was not scheduled to return to the law library until June 8, 2006, which was six (6) days after the denial of his state habeas corpus petition. Plaintiff asserts that there is a "reasonable probability" that the outcome on his state habeas corpus petition would have been different had he been able to meet with his chain gang attorney on April 12, 2006.

Defendant responds that Plaintiff has not established that he suffered any actual injury. Defendant contends that it does not appear that Plaintiff filed any pleadings between the date of the evidentiary hearing and Judge Blount's order denying Plaintiff's relief dated June 2, 2006. Defendant also contends Plaintiff does not articulate how he planned to amend his habeas corpus petition or how being denied access to the law library on one (1) occasion prevented him from filing any further amendment to his petition. Defendant further contends that Plaintiff provides no legal or factual support for his assertion that there was a reasonable probability that the outcome of his habeas petition would have been different and that Plaintiff does not meet his burden. Defendant alleges that, even if Plaintiff could establish that being denied access to the law library had an effect on his state habeas corpus petition, Plaintiff could have made this allegation in his currently pending federal habeas corpus petition.

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir.

2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002)). In order to pass constitutional muster, the access allowed must be more than a mere formality. Bounds v. Smith, 430 U.S. 817, 822 (1977); Chappell, 340 F.3d at 1282. The access must be "adequate, effective, and meaningful." Bounds, 730 U.S. at 822. However, a prison's duty to provide its inmates with the ability to access the courts does not mean the prison must provide a means for its inmates "to *litigate effectively* once in court." Lewis v. Casey, 518 U.S. 343, 354 (1996) (emphasis in original). For an inmate to state a claim that he was denied access to the courts, he must establish that he suffered "actual injury" by showing that the defendant's actions hindered his ability to pursue a nonfrivolous claim. Christopher, 536 U.S. at 415; Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 797 (11th Cir. 2003). The pursuit of claims which are protected are those in which a plaintiff is attacking his sentence, directly or collaterally, or challenging the conditions of his confinement. Lewis v. Casey, 518 U.S. 343 (1996). Stated another way, the "only specific types of legal claims [which] are protected by this right [are] the nonfrivolous prosecution of either a direct appeal of a conviction, a habeas petition, or a civil rights suit." Hyland v. Parker, 163 F. App'x 793, 798 (11th Cir. 2006) (citing Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998)). There is no issue of material fact when the non-moving party has failed to prove the existence of an element essential to his case. Regions Bank v. Provident Bank, Inc., 345 F.3d 1267, 1279 (11th Cir. 2003). "Actual injury" is an essential element to a claim asserting the denial of access to the courts. See Christopher, 536 U.S. at 415.

The evidence before the Court reveals that Plaintiff set forth 18 grounds for relief in his habeas corpus petition filed in the Charlton County Superior Court on October 15,

2004. (Doc. No. 42, Ex. A). Plaintiff amended his petition to assert ten (10) more grounds for relief before Judge Blount entered the order denying Plaintiff relief dated June 2, 2006. (Id. at Ex. B). The evidence also reveals Defendant mistakenly denied Plaintiff access to the prison's law library on April 12, 2006, and Plaintiff was rescheduled to make up for his missed library time on June 8, 2006. (Doc. No. 6, pp. 2, 5). However, there is no evidence before the Court that Defendant's actions caused an actual injury to Plaintiff's state habeas corpus petition or that Defendant was under a duty to assist Plaintiff's efforts to litigate his claims once he filed a state habeas corpus petition. Plaintiff merely sets forth conclusory allegations that, had he been given the opportunity to use the prison library in April 2006 and been able to consult with his "chain gang" attorney, there is a "reasonable probability" that the outcome of his state habeas corpus petition would have been different. Plaintiff's claim must fail as a matter of law.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion for Summary Judgment be **GRANTED** and that Plaintiff's Motion for Summary Judgment be **DENIED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

SO **REPORTED** and **RECOMMENDED**, this _11th_ day of June, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE